IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-9-D

UNITED STATES OF AMERICA )
 )
 )
  v. )   **ORDER**
 )
ROBERT BOONE, )
 )
   Defendant. )

On July 28, 2020, Robert Boone ("Boone") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 528, 540]. On August 10, 2020, Boone moved for discovery and production of documents [D.E. 532]. On December 11, 2020, the United States responded in opposition to Boone's compassionate release motion [D.E. 544]. On January 13, 2020, Boone filed an affidavit in reply [D.E. 545]. As explained below, the court denies Boone's motion.

I.

On February 22, 2016, without a plea agreement, Boone pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin (count one) and conspiracy to launder monetary instruments (count two). See [D.E. 1, 290]. On February 1, 2017, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 439–41, 457]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Boone's total offense level to be 41, his criminal history category to be VI, and his advisory guideline range to be 360 months' to life imprisonment. See [D.E. 441] 1; [D.E. 457] 8. After

thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Boone to 360 month's imprisonment on count one and 240 months' concurrent imprisonment on count two, for a total of 360 months' imprisonment. See [D.E. 457] 8–20. Boone appealed [D.E. 442]. On January 12, 2018, the United States Court of Appeals for the Fourth Circuit affirmed Boone's conviction and sentence. See United States v. Boone, 708 F. App'x 147, 148 (4th Cir. 2018) (per curiam) (unpublished); [D.E. 468, 469]. On February 20, 2018, the Fourth Circuit denied Boone's petition for rehearing and rehearing en banc [D.E. 472].

On April 18, 2019, Boone moved under section 2255 to vacate, set aside, or correct his sentence [D.E. 502]. On September 3, 2019, Boone filed an amended section 2255 motion [D.E. 519]. On July 13, 2020, the court dismissed Boone's motions and denied a certificate of appealability [D.E. 526, 527].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and

2

must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)  Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Boone's request for compassionate release, Boone contends that he has exhausted his administrative remedies. See [D.E. 528] 1; [D.E. 540] 2–3. On June 16, 2020, Boone submitted a request for compassionate release but received no response. See [D.E. 528-1]. Notably, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Boone's claim on the merits.

Boone seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Boone cites the COVID-19 pandemic, his race, and his obesity, diabetes, asthma, and congestive heart failure with atrial fibrillation, among other health conditions. See [D.E. 528] 1–2; [D.E. 528-1] 4–25; [D.E. 540] 1–2, 4–5; [D.E. 540-1]. Boone also cites the conditions at FCI

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

Butner, his rehabilitation efforts, and his release plan. See [D.E. 528] 2; [D.E. 540] 5–6; [D.E. 540-2]; [D.E. 545].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Boone states that he suffers from obesity, diabetes, asthma, and congestive heart failure with atrial fibrillation, among other health conditions, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Boone serves his sentence. Accordingly, reducing Boone's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Boone's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Boone's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Boone is 48 years old and engaged in very serious criminal behavior between 2010 and 2014. See PSR ¶¶ 11–15. Boone led a drug trafficking organization, which he relocated from Paterson, New Jersey, to Wilmington, North Carolina in 2012. See id. at ¶ 12. Boone flooded Wilmington with substantial amounts of heroin, driving the street price down, making him the target of other dealers, and fueling a heroin crisis and an increase in drug-related arrests. See id. at ¶¶ 11–15; [D.E.

6

457] 15–17. Conservatively, Boone is responsible for distributing at least 66.124 kilograms of heroin. See PSR ¶ 15. In his drug trafficking organization, Boone used fear, friendship, and affection to manipulate numerous people including children, his wife, sister, niece, and girlfriend. See id. at ¶¶ 13, 22, 24; [D.E. 457] 15–17. Additionally, Boone used members of his drug trafficking organization to launder over $500,000. See PSR ¶ 11. Moreover, Boone is a career drug dealer with convictions including manufacturing or distributing a controlled dangerous substance, employing a juvenile to distribute drugs, failure to give controlled substance to police, possession with intent to distribute a controlled dangerous substance, and possession with intent to distribute a controlled dangerous substance within 1,000 feet of school property. See id. at ¶¶ 21–30. Nonetheless, Boone has taken some positive steps while incarcerated. See [D.E. 540] 5; [D.E. 540-2] 1. The court also has considered Boone's exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Boone, the section 3553(a) factors, Boone's arguments, the government's persuasive response, and the need to punish Boone for his horrible criminal behavior, to incapacitate Boone, to promote respect for the law, to deter others, and to protect society, the court declines to grant Boone's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Boone's request for home confinement, Boone seeks relief under the CARES Act. See [D.E. 540]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the

Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Boone's request for home confinement.

## II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 528], DENIES defendant's motion for discovery [D.E. 532], and DISMISSES defendant's request for home confinement.

SO ORDERED. This $\underline{9}$ day of March 2021.

JAMES C. DEVER III
United States District Judge

8